UNITED STATES DISTRICT
DISTRICT OF NEW JERSEY

LAW OFFICES OF
CONSTANTINE BARDIS, LLC
1800 Main Street Lake Como, NJ 07719
Tel: (732) 280-2500 Fax:(732) 280-1991
Attorneys for Plaintiffs
Charles Crispino, Jr. and Toni M. Crispino

| | |
|---|---|
| CHARLES CRISPINO, JR. AND TONI M. CRISPINO, HUSBAND AND WIFE, | CIVIL ACTION NO. |
| Plaintiff(s), | MAS: |
| Vs. | **COMPLAINT FOR REFUND** |
| UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendant(s). | |

Plaintiffs, Charles Crispino, Jr., and Toni M. Crsipino, husband wife, complain of United States of America, as acting through the Internal Revenue Service, (the "IRS") as follows:

This IRS assessed tax liability of 325,308.43 against the pliantiffs for unpaid taxes, not including interest and penalties. The IRS levied on that assessment against plaintiffs rollover account and the plaintiffs tax reprensative filed an IRS 843 refund claim, which the defendant denied as never received, and subsequently held was untimely. Pursuant to 26 U.S.C. § 7426, Plaintiffs bring this suit for the return of the property wrongfully levied upon

## JURISDICTION

1. The Court has jurisdiction based upon 28 U.S.C. §1346, 26 U.S.C. §6402, 26 C.F.R. §301.6402-1,2, 26 U.S.C. §7422, CIVIL ACTION FOR REFUND, and its implementing regulations.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this matter raises claims under the Internal Revenue Code, and, as such, arises under the laws of the United States. This Court also has subject matter jurisdiction under 26 U.S.C. § 7426(a)(1) because this matter is brought by Plaintiffs claiming their property was wrongfully levied upon by the IRS.

3. Defendant, the United States of America has waived its sovereign immunity for this action under 26 U.S.C. § 7426.

4. Venue is appropriate in this court under 28 U.S.C. §1402(a) Venue is proper in this Court under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States; Defendant Internal Revenue Service is found in this judicial district; Defendant Commissioner performs his official duties in this judicial district; a substantial part of the events or omissions giving rise to this action occurred in this judicial district; and Plaintiff resides in this judicial district and no real property is involved in the action.

## PARTIES

5. Plaintiffs, Charles Crispino, Jr. and Toni M. Crispino, husband wife, are natural born Citizens of one of the United States of America and are domiciled in New Jersey at 214 Bamm Hollow Road, Middletown, County of Monmouth.

6. Defendant Internal Revenue Service is, and was at all times relevant hereto, an administrative agency of the United States Government, subject to the APA.  See 5 U.S.C. § 551.  The Service is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224 .

## CLAIM FOR REFUND OF LEVIED FUNDS

7. Plaintiff(s) incorporate(s) by reference the allegations set forth in ¶1-6 above.

8. Pursuant to 26 C.F.R. ¶301.6402-1,2 and 26 U.S.C. ¶7422, Plaintiff(s) filed an "843 Claim for Refund and Request for Abatement," which was attested, signed and **Certified under penalties of perjury,**" and included by reference herein. Said Claim was for the total amount of $325,308.04 and was filed on April 15, 2015.  (See attached Exhibit A-9)

9. Such Claim(s) for refund(s) was/were made within the statute of limitation period, imposed by 26 U.S.C. §6511(a) and 26 C.F.R. §301.6511(a)-1.

10.     There     has     been     no     disallowance     of     this     Claim.

11.  Between April 1 and August 31, 2013 IRS levies were served upon plaintiffs for the five (5) tax years of 2004, 2005, 2006, 2008 and 2009 by the IRS collection department.

12.  The plaintiffs' IRA levied proceeds were applied to full pay the years of 2004, 2005, 2008 and 2009 and partially pay the 2006 year, and specifically, $ 98,768.90 and $153,178.00 were applied to the 2009 tax year.

13.   Moreover, the plaintiffs fully disclosed 2009 Form 1040 Page 1 Line 15a as an IRA distribution of $325,308.04 and on line 15b indicated taxable amount $0 due to having rolled over the entire amount.

14. The time table of the 2009 Tax Return codes as set forth in the IRS Transcript are as follows:

11/15/2010 Code 150 Tax Return Filed.
11/07/2011 Notice CP 2000 for Taxable Retirement Income $325,308.04
06/18/2012 Code 922 Notice issued for unreported income.
08/27/20212 Code 290 Additional taxes assessed & notice issued $134,327.00
09/25/2012 Code 971 Collection due process of Notice of Intent to Levy issued
09/28/2012 Code 582 Lien Placed on Assets
06/03/2013 Code 670 Payment

(See Attached Exhibit A-7).

15. The plaintiffs now suffer the unconscionable consequences resulting from the unmitigated issuance of an erroneous filing, to wit, a 1099-R Box 1 gross distribution of $325,308.04 was not responded to by the plaintiffs' prior account at the time. The distribution code shown in Box 7 of the filed Form 1099-R was erroneously coded 1 in lieu of Code G for a direct rollover, thereby causing the aforesaid levy of plaintiffs' annuity to occur since the IRS presumably proceeded to treat the annuity as unreported income.

16. Because of the failure of the plaintiffs' accountant, who also acted as their financial advisor, to amend the Form 1099-R, the plaintiffs retained a new representative who is retired Internal Revenue Officer. The new representative and power of attorney, Mr. Victor Minelli, filed a Form 843 to request a refund for the erroneous assessment of taxes, penalties and interest.

17. After inquiry was made with the regional office the claim was acknowledged as filed with the service center as of November 16, 2015 and the government issued letter 105C it was deemed not received, and dismissed as not filed.

18. Plaintiffs, attest and affirm that all amounts on said CLAIM belong to Plaintiffs and are being unlawfully detained and unjustly enriching said defendant, against Plaintiff(s)' consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court enter a judgment in favor of Plaintiff(s) and against defendants:

1. For amount of Claim, totaling $325,308.00.
2. For interest, as allowed, pursuant to the mandates of section 6621 of the Internal Revenue Code of 1986 and 28 U.S.C. §2410.
3. For court costs and post-judgment interest;
4. Award Plaintiff its costs and reasonable attorneys' fees as appropriate.
5. Grant such further and other relief as this Court deems proper

Respectfully submitted,
**Law Offices of Constantine Bardis, LLC**

Dated: December 24, 2017

_____
CONSTANTINE BARDIS, ESQ.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues.

Dated:  December 24, 2017

_____
CONSTANTINE BARDIS, ESQ.
Attorneys for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Constantine Bardis, Esq. is designated as trial counsel in this matter.

Dated:  December 24, 2017

_____
CONSTANTINE BARDIS, ESQ.
Attorneys for Plaintiffs

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of another action pending in the United States District Court for the District of New Jersey.

Dated:  December 24, 2017

_____
CONSTANTINE BARDIS, ESQ.
Attorney for Plaintiffs